# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

APELDYN CORPORATION
Plaintiff-Appellant,

v.

AU OPTRONICS CORPORATION and
AU OPTRONICS CORPORATION AMERICA,
Defendants-Appellees,

and

CHI MEI OPTOELECTRONICS CORPORATION
and CHI MEI OPTOELECTRONICS USA, INC.,
Defendants-Appellees.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 13 2012

JAN HORBALY
CLERK

2012-1172, -1173

Appeals from the United States District Court for the
District of Delaware In Case No. 08-CV-0568,
Judge Sue L. Robinson

## APPELLANT APELDYN'S RESPONSE IN OPPOSITION TO MOTION OF APPELLEE SAMSUNG TO DISMISS THE 1173 APPEAL FOR LACK OF APPELLATE JURISDICTION



# I.
# INTRODUCTION

In its opposition to Apeldyn's motion to reform the case caption, Samsung moves the Court "in the alternative" to dismiss the 1173 Appeal for lack of appellate jurisdiction.[1] (Opp. at 2, 7-11.) This request is contrary to settled law and should be denied for the five reasons below.

# II.
# ARGUMENT

1. Samsung confuses matters by quoting from Apeldyn's Notice of Appeal in the 1173 Appeal dated January 18, 2012, but not the amended notice filed on the next day. (Opp. at 10-11.) As amended, but not quoted, the notice provides: "The Judgment In A Civil Case (D.I. 665) was entered on January 19, 2012." (D.I. 668 at 1.) Furthermore, the 1173 Docketing Statement identifies one issue: "Did the District Court err in granting Samsung's disqualification motion?" (Entry 10.)

2. By emphasizing the interlocutory nature of the disqualification orders, Samsung's brief amounts to a tacit admission that this appeal is timely and appropriate. Absent interlocutory certification, which was sought by Apeldyn but not granted, disqualification orders are not immediately appealable and instead are

---

[1] Apeldyn adopts the abbreviations and other conventions of its motion.

carried with the case, becoming appealable (with other interlocutory orders) upon entry of the judgment. *E.g.*, *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440-41 (1985). Here, the disqualification orders are appealable now that judgment was entered in the litigation in which the orders were entered.

3. Earlier in this litigation, Samsung prevented interlocutory appeal of the disqualification orders. (D.I. 166.) Now, Samsung argues that this appeal is both premature (because the disqualification order was interlocutory at the time it was entered) *and* belated (because entry of final judgment occurred more than two years after entry of the disqualification order). (Opp. at 11.) Besides being inherently inconsistent, these arguments lack merit because interlocutory orders in a case merge with the judgment and are timely appealable upon its entry. *Cf. Hendler v. United States*, 952 F.2d 1364, 1368 (Fed. Cir. 1991) ("As a general proposition, when a trial court disposes finally of a case, any interlocutory rulings 'merge' with the final judgment. Thus both the order finally disposing of the case and the interlocutory orders are reviewable on appeal.").

4. Contrary to Samsung's suggestions, it is not unusual in multi-party cases (such as here) for a defendant dismissed early in the litigation—such as Samsung—to be included in a later appeal. It is well established that an order dismissing some but not all of the defendants in a multi-party case is an

interlocutory, rather than a final, order. *See, e.g., Berckeley Inv. Grp., Ltd. v. Colkitt*, 259 F.3d 135, 143-45 (3d Cir. 2001). Here, because of Samsung's opposition to interlocutory certification, the disqualification issue became ripe for appellate review upon entry of judgment in the case and Samsung became the Appellee upon filing of the Notice of Appeal in the 1173 Appeal.

5. Finally, the Court should reject any suggestion that the petition for a writ of mandamus somehow constituted "full" review of the disqualification issue. *E.g., In re Pressman-Gutman Co.*, 459 F.3d 383, 403 (3d Cir. 2006) ("[W]e point out that in denying the petition [for a writ of mandamus] we are not affirming the district court's orders. Rather, we are holding only that PGI's claim for issuance of the writ is not 'clear and indisputable,' and our holding is not intended to prejudice a later appeal, if there is one, after entry of final judgment.").

## III.
## CONCLUSION

For the above reasons, the Court should deny Samsung's request to dismiss the 1173 Appeal.

                          Respectfully submitted,

April 13, 2012

                          Gaspare J. Bono
                          Lora A. Brzezynski
                          Victor N. Balancia
                          Carl P. Bretscher
                          McKENNA LONG & ALDRIDGE LLP
                          1900 K Street, N.W.
                          Washington, D.C. 20006
                          (202) 496-7500

                          *Attorneys for Apeldyn Corporation*

**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

---

APELDYN CORPORATION
Plaintiff-Appellant,

v.

AU OPTRONICS CORPORATION and
AU OPTRONICS CORPORATION AMERICA,
Defendants-Appellees,

and

CHI MEI OPTOELECTRONICS CORPORATION
and CHI MEI OPTOELECTRONICS USA, INC.,
Defendants-Appellees.

---

2012-1172, -1173

---

Appeals from the United States District Court for the
District of Delaware In Case No. 08-CV-0568,
Judge Sue L. Robinson

---

**DECLARATION OF GASPARE J. BONO IN SUPPORT OF
APPELLANT APELDYN'S RESPONSE IN OPPOSITION TO MOTION OF
APPELLEE SAMSUNG TO DISMISS THE 1173 APPEAL FOR LACK OF
APPELLATE JURISDICTION**

I, Gaspare J. Bono, declare and state as follows:

1. I am an attorney with the law firm of McKenna Long & Aldridge LLP, and counsel for Plaintiff-Appellant Apeldyn Corp. ("Apeldyn") in appeal numbers 2012-1172 and 2012-1173. Pursuant to Federal Circuit Rule 27(a)(8), I am submitting this declaration in connection with Appellant Apeldyn's Response in Opposition to Motion Of Appellee Samsung to Dismiss the 1173 Appeal for Lack of Appellate Jurisdiction.

2. To the best of my knowledge, all of the facts set out in Apeldyn's motion are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 13, 2012

_____
Gaspare J. Bono

**Form 9**

**FORM 9. Certificate of Interest**

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

APELDYN CORPORATION    v.    AU OPTRONICS COPR., et al.

No. 2012-1172, -1173

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party) APELDYN CORPORATION certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party or amicus represented by me is:
APELDYN CORPORATION

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:
APELDYN CORPORATION

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:
NONE.

4. ☑ The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

See attached sheet

April 13, 2012
Date

Signature of counsel

Gaspare J. Bono
Printed name of counsel

Please Note: All questions must be answered
cc: _____

APELDYN CORPORATION v. AU OPTRONICS CORP., *et al*
No. 2012-1172, -1173

## CERTIFICATE OF INTEREST

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

From McKenna Long & Aldridge LLP:

| | |
|---|---|
| Gaspare J. Bono | Carl P. Bretscher |
| Song K. Jung | Mindy Caplan |
| Lora A. Brzezynski | Claire M. Maddox |
| Victor N. Balancia | Sunjeev Sikand |
| Matthew T. Bailey | Alyssa Sandrowitz |
| R. Tyler Goodwyn, IV | Stephen Gardner |
| Christina Carroll | |

From Bayard, P.A.:

Richard D. Kirk

Stephen Brauerman

*Apeldyn Corp. v. AU Optronics Corp., et al.,*

**Appeal Nos. 2012-1172, -1173**

## PROOF OF SERVICE

I hereby certify that on this 13th day of April, 2012, I caused the foregoing Appellant Apeldyn's Response in Opposition to Motion of Appellee Samsung to Dismiss the 1173Appeal for Lack of Appellate Jurisdiction to be served by first class mail, postage prepaid, on the following:

Terry D. Garnett  (tgarnett@goodwinprocter.com)
Vincent K. Yip  (vyip@goodwinprocter.com
Peter J. Wied  (pwied@goodwinprocter.com)
Jay Chiu  (jchiu@goodwinprocter.com)
Goodwin Procter LLP
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
*Attorneys for Defendants-Appellees AU Optronics Corporation and AU Optronics Corporation. America*

Donald R. McPhail  (drmcphail@duanemorris.com)
Barry Golob  (bgolob@duanemorris.com)
Kristina Caggiano  (kcaggiano@duanemorris.com)
Christopher Tyson  (cjtyson@duanemorris.com)
Duane Morris LLP
505 9th Street, NW, Suite 1000
Washington, DC 20004
*Attorneys for Defendants-Appellees Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA Inc.*

Neil P. Sirota  (neil.sirota@bakerbotts.com)
Baker Botts, LLP
30 Rockefeller Plaza, 44th Floor
New York, NY 10112-0228
*Attorneys for Defendants-Appellees Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.*

Don H. Marmaduke (don.marmaduke@tonkon.com)
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099
*Counsel for Plaintiff-Appellant Apeldyn Corporation*

By: _____/s/ Gaspare J. Bono_____
Gaspare J. Bono
Lora A. Brzezynski
Victor N. Balancia
Carl P. Bretscher
MCKENNA LONG & ALDRIDGE, LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756
E-mail: gbono@mckennalong.com
*Counsel for Plaintiff-Appellant Apeldyn Corporation*